NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT MCCLEES, | |
| Plaintiff, | Civil Action No. 18-14345 (BRM) (DEA) |
| v. | **OPINION** |
| COMMUNITY CAPITAL, *et al.*, | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Robert McClees's ("Plaintiff") Complaint (ECF No. 1), Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1-1), and Emergent Motion for a "Stay Pending and During this Appeal" asking this Court to prevent him being evicted from his home (ECF No. 1-3).

When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases."); *Roy v. Penn. Nat'l Ins. Co.*, No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

Having reviewed Plaintiff's IFP application, the Court finds leave to proceed IFP is warranted and the application is **GRANTED**. Therefore, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having review Plaintiff's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Plaintiff's Complaint is **DISMISSED** and Plaintiff's motion is **DENIED**.

## I. STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a

claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## II. DECISION

On September 27, 2018, Plaintiff filed his Complaint against defendants Community Capital LLC, Rebecca Boudwin, and Comegno Law Group ("Defendants") along with an Emergent Motion. (ECF Nos. 1 and 1-3.) Plaintiff alleges: (1) violations of the Fair Debt Collections Practices Act ("FDCPA"); (2) "Tax Bid riggin [sic], Antitrust and Violation against [sic] the Sherman Act [sic]"; and (3) trespassing to take his home. (ECF No. 1 at 2.) The specific allegations in support of Plaintiff's claims, however, are not clear.

Plaintiff contends his "property is one of the tax bid riggin [sic]" and references a pending district court case of which the Court is unaware. He argues Susan Esposito, who is not named as a defendant, "was found guilty of Tax Bid riggin[g]" in a pending matter, that he has been in chancery court for two years without a "decision on the lawfulness of the court to take [his] home," and that "the debt is and has be [sic] judged criminal." (ECF No. 1 at 3.) He asks this Court to "evaluate the case that is in the United States Districk [sic] Court at present and stop the debt collectors [from] wrongfully tak[ing] his home," referencing an unspecified writ of possession scheduled for September 28, 2018. Confusingly, his emergent motion asks for a "stay pending and during *this* appeal." (ECF No. 1-3 (emphasis added).)

3

Plaintiff does not direct this Court to any pending district court case. And while the Court engaged in its own due diligence to search for public records of pending matters, it found only: (1) a recently dismissed bankruptcy matter, *In re Robert E. McClees*, Case No. 18-24423-MBK; and (2) a Third Circuit decision affirming the district court's approval of settlements in an underlying antitrust class action concerning New Jersey tax sale certificates, *In Re: New Jersey Tax Sales Certificates Antitrust Litigation*, Nos. 16-3965, 17-2451 (affirming District Court No. 3-12-cv-01893). This Court is not aware of any pending district court case it can "evaluate" or review on "appeal." To the extent Plaintiff alleges violations of the FDCPA or any other federal statute, he fails to assert specific factual allegations in support thereof and fails to allege Defendants' involvement. Therefore, Plaintiff fails to state a claim upon which relief can be granted, the Complaint is dismissed, and the motion is denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted, and Plaintiff's Emergent Motion (ECF No. 1-3) is **DENIED**. Plaintiff has 30 days to file a final amended complaint curing the deficiencies addressed herein. An appropriate Order follows.

Date: October 3, 2018

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE