# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _____ | : |  |
| ROBERT MCCLEES | : |  |
|  | : | Case No. 3:18-cv-14345 (BRM) (DEA) |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : | **ORDER** |
| COMMUNITY CAPITAL, et al., | : |  |
|  | : |  |
| Defendants. | : |  |
| _____ | : |  |

**THIS MATTER** is opened to the Court by Plaintiff Robert McClees's ("Plaintiff"): (1)

Motion for Reconsideration of the Order denying the Emergent Motion to Stay Eviction; and (2)

Motion for Default Judgment as to all Defendants. (ECF Nos. 9 and 10).

Motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if

there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked."

L.Civ.R. 7.1(i); *Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13,

2010).[1] The comments to that Rule make clear, however, that "reconsideration is an extraordinary

---

[1] Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure, *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999), but are accepted in this District under the Local Civil Rules. Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). *Id.* Here, Plaintiff's motion for reconsideration additionally seeks relief under Rule 59 and 60 of the Federal Rules of Civil Procedure. (ECF No. 9 at 1.) "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 529, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005), as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). Meanwhile, Rule 59 outlines the procedure for requesting a new trial and for Motions to Alter or Amend a Judgment. Fed. R. Civ. P. 59. For the same reasons that Plaintiff's motion is denied under the Local Rule, it is denied under the Federal Rules. *See Holsworth v. Berg*, 322 F. App'x 143, (3d Cir. 2009) (construing motion for reconsideration as the functional equivalent of a

remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)). The Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

Federal Rule of Civil Procedure 55(b) empowers the Court to enter a default judgment against a party who has failed to plea or otherwise defend an action against it. "If the party against

---

Rule 59(e) motion to alter or amend a judgment which requires either "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice").

whom a default judgment is sought has appeared personally or by a representative, that party of its representative must be served with written notice of the application at least seven days before the hearing." FED. R. CIV. P. 55(b). The decision to deny or grant a request for default judgment lies within the discretion of the Court. *See United States v. 55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1984). When exercising this discretion, the Court should consider the following factors: (1) the merits of the plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Eitel v. MCCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The courts disfavor default because "the interests of justice are best served by obtaining a decision on the merits." *Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 173 (E.D. Pa. 2000).

The Court has reviewed the submissions filed in connection with the motions and enters its decision without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

**IT APPEARING THAT**:

1. Plaintiff argues his Motion for Reconsideration should be granted because of the "ambiguity of the complaint instructions" and because the "clerk's act cause [sic] my case to default and to receive the prejudicial order." (ECF No. 9 at 2 and 8).

2. Plaintiff's initial Emergent Motion (ECF No. 1-3) was previously denied and the Complaint was dismissed without prejudice upon screening for failure to state a claim. (ECF No. 3, 4) Plaintiff was permitted thirty days to file a motion to reopen accompanied by a proposed amended complaint. (ECF No. 4.)

3. Plaintiff failed to timely move to reopen or file an amended complaint, and pursuant to the Court's order, the matter was automatically dismissed with prejudice on November 2, 2018—thirty days after the dismissal without prejudice. (*See* ECF No. 4.)

4. On November 14, 2018, Plaintiff filed an Amended Complaint (ECF No. 5), which was substantively identical to the original complaint, and a new Emergent Motion to Stay the Eviction (ECF No. 6). Plaintiff did not file a motion to reopen.

5. Plaintiff's Emergent Motion was denied, and Plaintiff's case was ordered to remain closed, as Plaintiff's Amended Complaint failed to state a claim and was therefore insufficient to reopen the matter. (ECF No. 7.)

6. Plaintiff moved for reconsideration of the dismissal (ECF No. 9), however Plaintiff fails to meet his burden in demonstrating there are "matters or controlling decisions . . . the Judge . . . has overlooked." L.Civ.R. 7.1(i).

7. Therefore, Plaintiff's Motion for Reconsideration is **DENIED**.

8. Plaintiff additionally moves for default judgment pursuant to Federal Rules of Civil Procedure 12 and 55(b). (ECF No. 10).

9. The Court granted Plaintiff's application to proceed IFP and dismissed the Complaint for failure to state a claim upon which relief could be granted at the screening stage. (ECF Nos. 3, 4.)

10. Defendants are not required to answer or otherwise appear in this matter.

11. Therefore, default judgment is not appropriate, and Plaintiff's Motion for Default Judgment is **DENIED**.

Accordingly, for the reasons set forth above and for good cause appearing,

**IT IS** on this 25th day of July 2019,

**ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 9) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 10) is **DENIED**.

_/s/ Brian R. Martinotti_
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**